IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 58,194-03






EX PARTE CURTIS HAMPTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. W99-02660-S IN THE 

282nd JUDICIAL DISTRICT COURT OF DALLAS COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of robbery, and punishment was assessed at twenty-five years' confinement. 
Applicant's conviction was affirmed on appeal. Hampton v. State No. 05-02-00604-CR
(Tex. App. --Dallas, delivered December 13, 2002, no pet.).

 Applicant contends, inter alia, that he received ineffective assistance of counsel
during his original plea proceedings. Specifically, Applicant contends that counsel coerced
him into pleading guilty, lied to him regarding the availability of a witness favorable to the
defense, and failed to pursue an insanity defense.

 The trial court has entered findings of fact or conclusions of law that Applicant "was
afforded reasonably effective assistance of counsel at all stages of the criminal process." 
However, we do not believe that those factual findings or conclusions of law fully address
Applicant's complaints. We believe that Applicant has alleged facts that, if true, might
entitle him to relief. Therefore, it is this Court's opinion that additional facts need to be
developed and because this Court does not hear evidence, the trial court is the appropriate
forum. The trial court may resolve those issues as set out in Tex. Code Crim. Proc. art.
11.07, § 3 (d), in that it shall order an affidavit, from K. Weatherspoon, Applicant's trial
counsel during the original plea proceedings, or it may order a hearing. In the appropriate
case the trial court may also rely on its personal recollection. The trial court shall also
forward the indictment and any records regarding Applicant's guilty plea and the
admonishments given prior to the acceptance of the plea.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant received ineffective assistance of counsel during his original plea
proceedings. The trial court shall also make any further findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 29th DAY OF MARCH, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.